# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 16-078** |
| MIGUEL GUTIERREZ | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the *Defendant's Motion to Terminate Defendant's Supervised Release Term,* and the Government's response in opposition thereto, it is hereby

### O R D E R E D

that the Motion is **DENIED**.

BY THE COURT:

_____

**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**
**Eastern District of Pennsylvania**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

     v.                        :        **CRIMINAL NO. 16-078**

MIGUEL GUTIERREZ          :

## GOVERNMENT'S MOTION IN OPPOSITION TO DEFENDANT'S
## PRO SE MOTION FOR EARLY TERM INATION OF SUPERVISED RELEASE

The United States of America. by its undersigned attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Amanda R. Reinitz, Assistant United States Attorney, respectfully submits this motion in opposition to the defendant's *pro se* motion for early termination of supervised release.

On December 11, 2015, the defendant was arrested pursuant to a complaint and warrant signed by a magistrate judge in this district relating to his theft of Social Security benefits intended for other individuals, which he stole through the course of his former employment with the Social Security Administration. On April 29, 2016, the defendant pled guilty to an information charging him with three counts of wire fraud, in violation of 18 U.S.C. § 1343, arising from his scheme to defraud the Social Security Administration ("SSA") by using his employee access to SSA's computer systems to redirect benefit payments intended for third-party beneficiaries into his personal bank account. On August 11, 2015, the defendant was sentenced by this Court to 9 months incarceration, to be followed by 3 years of supervised release, and Ordered to make full restitution, pay a $300 special assessment, and pay a fine of $4,000. The defendant now makes a *pro se* request to terminate his supervised release early.

1

Because the defendant has not demonstrated exceptional behavior to warrant such an early termination, the government now files this motion in opposition to the defendant's motion.

## I.    LEGAL STANDARD

When considering terminating supervised release, courts look to exceptional good behavior in determining whether early termination is appropriate. *See United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997) (noting that "occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant…will render a previously imposed term or condition of release…too harsh"). However, simply doing what was expected by a defendant on supervised release – such as paying financial obligations and not committing further crimes – is not a basis that courts have found merits early termination. *See United States v. Osorio,* 2016 WL 4098589 (E.D.N.Y. 2016) (denying motion to terminate supervised release because the defendant has not demonstrated any "exceptional" behavior); *see also United States v. Antico*, 2008 WL 2973033 (E.D. Pa. 2008) (denying motion to terminate supervised release because defendant had not done more than satisfactorily fulfil what was required of him, and early termination is not warranted as a matter of course). While evaluating a termination request in this manner is not a requirement, the Third Circuit notes that its district courts tend to use the *Lussier* "exceptional behavior" language to support following that standard. *See United States v. Kay,* 283 Fed. Appx. 944, 946 (3d Cir. 2008).

The first several cases cited by the defendant in his brief, (*Lussier*, *United States v. Smith*, and *United States v. Kappes*) notably all decided against early termination of supervised release. The cases the defendant points to in his paragraphs 21 and 22 could not be located by the

2

Case 5:16-cr-00078-JLS   Document 35   Filed 06/20/18   Page 4 of 8
government based upon the incorrect citations provided by the defendant.[1]  However, as the defendant's actions do not approach the exceptional behavior standard set forth by the Third Circuit, the government respectfully requests that the Court deny his motion for early termination of supervised release.

## II.     THE DEFENDANT HAS NOT DEMONSTRATED EXCEPTIONAL GOOD BEHAVIOR

### A.     The Sentence Imposed was Reasonable.

At sentencing, this Court considered each factor set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

---

[1] The government has also been unable to verify the "Guide to Judiciary Policy" the defendant points to.  It appears, based upon what the government could locate, that the policy he references provides instruction to probation officers who consider recommending early termination after 18 months or more of supervision.  As such, this "policy" also does not support the defendant's motion to terminate supervised release.

3

In so doing, the Court recognized that the defendant was entrusted with access to computer systems which contain the financial, personal, and medical information of tens of millions of American taxpayers. For this important job, he was paid approximately $65,000 a year. He also underwent annual training and reminders regarding the importance of safeguarding the information to which he had access, as well as how unauthorized access is strictly prohibited. The Court considered that despite this knowledge and his sizeable salary, the defendant stole benefits intended for a deceased individual and a minor child for his own greed – including to buy an engagement ring for the woman who he now resides with. The defendant further implicated his co-workers in his theft scheme in an attempt to avoid detection by Social Security.

After considering all of the factors set forth in 3553(a), this Court imposed a sentence of 9 months incarceration, to be followed by 3 years of supervised release, and Ordered to make full restitution, pay a $300 special assessment, and pay a fine of $4,000. No appeal of the sentence was filed, including the imposition of 3 years of supervised release.

      B.     The Defendant Has Been Merely Compliant.

The defendant now seeks to terminate his term of supervised release, despite nothing in his petition that sets forth that he meets the exceptional good behavior standard. Rather, it appears he is, at most, minimally compliant. He has paid his restitution and fine, but that is not extraordinary – that is merely satisfying the debt that he owes as a result of his criminal behavior.

The government also notes that the defendant has not sought employment since his release from prison. Rather, he notes that he receives income from a disability so designated by the Veterans Administration, and that he has applied for disability benefits from the very Agency he was convicted of stealing from – Social Security. To begin with, the defendant has collected

4

his Veterans benefits for many years – including while working previously at Social Security. Moreover, his current pending application to the Social Security Administration lists his disability onset date as December 11, 2015 – the day of his arrest in this case. As such, the only remarkable thing that occurred that day is his arrest for stealing from his employer, which led to the loss of his job and his criminal convictions. While a criminal conviction does pose an obstacle to obtaining future employment – as does stealing from one's employer – it is not a basis for disability. Presuming that the defendant is being truthful in his representations to Social Security that the reason he stopped working was because he was arrested for stealing from his employer, it is unlikely he will be granted Social Security benefits.[2] If he is being untruthful to Social Security about these facts, the government notes that such statements are materially false, and would constitute Social Security fraud and making false statements to the government. Accordingly, it does not appear that the defendant has taken full responsibility for his actions, and attempted to find work activity now that he has reentered society, but rather, is attempting to now obtain the benefits he was so quick to steal before.

---

[2] His initial application has been denied. The defendant has requested a hearing before an Administrative Law Judge on his application.

## IV.    **CONCLUSION**

Simply put, the defendant presents no exceptional circumstances to justify ending his

supervised release early.  As such, the government respectfully requests that the Court deny his

request.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

AMANDA R. REINITZ
Assistant United States Attorney

Dated: June 20, 2018

6

## CERTIFICATE OF SERVICE

I certify that on this day I caused a true and correct copy of the Government's motion in opposition to the defendant's *pro se* motion for early termination of supervised release to be served by electronic court filing on the below counsel for the defendant; and first class mail on the below defendant:

Matthew Sedacca, Esq.
Law Offices of Marc Neff
1818 Market Street
13th Floor
Philadelphia, PA 19103
Matt@nefflawoffices.com

Miguel Gutierrez
55 Walnut Drive W
Bernville, PA 19506

AMANDA R. REINITZ
Assistant United States Attorney

Dated: June 20, 2018